## MINNIE LIEBECK v. JULIA BENNIS.

Submitted October 16, 1925—Decided May 5, 1926.

**Negligence—Injury to Domestic Employe of Tenant Caused by Falling of Porch—Complaint Contained No Averment that Repairs were Made During Continuance of Lease—It is Elementary Law that, in Absence of an Averment of a Material Fact, the Presumption is that it Does Not Exist, and the Rule that a Landlord is Not Bound to Repair Leased Premises During the Term Unless He Contracts to Do So, Becomes Applicable—Trial Court's Ruling that there was no Cause of Action Sustained.**

On appeal from the Atlantic Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Samuel Morris*.

For the respondent, *S. Paul Ridgway*.

PER CURIAM.

The appeal in this case is taken from an order and judgments thereon directing the third count of the complaint filed by the plaintiff to be stricken out and judgment for the defendant entered accordingly. The averment of this count was that the plaintiff had been employed as cook by a Mrs. Murphy, who was a tenant in occupation of premises belonging to the defendant; that, in the performance of her duties as the employe of Mrs. Murphy, she had occasion to go to the back porch of the premises, and that while standing there the edge of the porch suddenly gave way, precipitating her to the walk below, the fall resulting in the injuries for which she seeks compensation from the defendant. The fact upon which liability on the part of the defendant is predicated is that some time prior to the happening of the accident the

defendant caused this porch to be repaired in such a negligent manner, and used such a poor quality of lumber in making the repair as to render the porch dangerous, and that in doing this he violated a duty owing by him to the tenant and her employes.

We concur in the view expressed by the trial court that this count discloses no cause of action in favor of the plaintiff and against the defendant. It contains no averment that these repairs were made during the continuance of the lease under which Mrs. Murphy was in possession. It is entirely settled in this state that the landlord is not bound to repair leased premises during the term unless he has contracted to do so. No obligation will be implied on the part of the landlord, in the absence of such contract, that he shall make repairs because of the premises being in a dangerous condition. And the exemption of a landlord from liability for injuries sustained by a tenant under the conditions named applies as well to members of the family of the tenant. *Clyne v. Helmes*, 61 *N. J. L.* 358, and cases cited.

This principle of law does not apply where a landlord undertakes to make repairs to the leased premises during the continuance of the lease, and performs the work of repair so negligently that injury results to the tenant, or a member of his family, by reason of such negligence. But, as has already been pointed out, there is no averment in the count of any repair on the part of the landlord during the continuance of the lease, and, in the absence thereof, the presumption is that the contrary is the fact. It is elementary law that, in the absence of an averment of the existence of a material fact, the presumption is that it does not exist.

The judgment under review will be affirmed.